UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL HUSSEY,<br><br>       Plaintiff,<br><br>   v.<br><br>RUCKUS WIRELESS, INC., et al.,<br><br>       Defendants. | Case No. 16-cv-02991-EMC<br><br>**ORDER CONDITIONALLY GRANTING MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**<br><br>Docket No. 11 |

Having considered the City of Pontiac General Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel (the "Motion") and good cause appearing therefor, the Court ORDERS as follows:

   1.   The Motion is conditionally GRANTED[1] (see ¶ 6, *infra*);

   2.   Pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B), the City of Pontiac General Employees' Retirement System is conditionally appointed as Lead Plaintiff; and

   3.   Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the City of Pontiac General Employees' Retirement System's selection of Robbins Geller Rudman & Dowd LLP is conditionally approved and appointed as Lead Counsel. As conditionally-approved Lead Counsel, Robbins Geller Rudman & Dowd LLP shall have the following responsibilities and duties on behalf of conditionally-approved Lead Plaintiff and the putative class:

   (a)   the briefing and argument of any and all motions;

---

[1] At the hearing on the motion, the Court indicated that it was granting the motion, but, upon further reconsideration, concludes that a conditional grant is more appropriate.

1    (b)   the conduct of any and all discovery proceedings;

2    (c)   the examination of any and all witnesses in depositions;

3    (d)   the selection of counsel to act as spokesperson at all pretrial conferences;

4    (e)   the organization of meetings of plaintiffs' counsel as they deem necessary and
5          appropriate from time to time;

6    (f)   settlement negotiations with counsel for defendants;

7    (g)   the pretrial discovery proceedings and the preparation for trial and the trial of
8          this matter, and delegation of work responsibilities to selected counsel as may be
9          required;

10   (h)   the preparation and filing of all pleadings; and

11   (i)   the supervision of all other matters concerning the prosecution or resolution of
12         the consolidated action.

13   4.   No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of conditionally-approved Lead Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations shall be conducted without the approval of conditionally-approved Lead Counsel.

17   5.   Conditionally-approved Lead Counsel shall be the contact between plaintiff's counsel and defendants' counsel, as well as the spokesperson for all plaintiff's counsel, and shall direct and coordinate the activities of plaintiff's counsel.

20   6.   The Court's approval of the pending motion is conditioned on the City of Pontiac General Employees' Retirement System/the Robbins Geller law firm providing the notice required by 15 U.S.C. § 78u-4(a)(3) of *this* lawsuit, and not the Delaware lawsuit (*i.e.*, *Borrego*), by **three court days**.[2] *See* Myers Decl., Ex. A (notice provided of *Borrego* action). If no competing

---

[2] Section 78u-4(a)(3) provides as follows:

> (i)   In general. Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class –

2

motion for appointment is filed within 60 days after publication of the notice, then on the City of Pontiac General Employees' Retirement System/the Robbins Geller law firm should so notify the Court (and provide evidence establishing that notice was properly given), and the Court shall then grant final approval.

**IT IS SO ORDERED**.

Dated: September 9, 2016

_____
EDWARD M. CHEN
United States District Judge

---

(I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3).

3