UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL HUSSEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUCKUS WIRELESS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-02991-EMC<br><br>**ORDER GRANTING FINAL APPROVAL FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>Docket Nos. 11, 35 |

　　　　Previously, the Court conditionally granted CPGERS's motion to appoint lead plaintiff and lead counsel. The Court conditioned its approval on CPGERS's giving notice of *this* lawsuit (and not a related case pending in Delaware, *i.e.*, the *Borrego* action). *See* Docket No. 35 (order). CPGERS has now filed a brief, asking the Court to grant final approval because it has, in fact, already given notice of this lawsuit. *See* Resp., Ex. A (PR Newswire).

　　　　As a preliminary matter, the Court notes that it would have been helpful if CPGERS had provided a copy of this this notice in its prior papers. But even if it had, the notice is arguably deficient in that it gives fewer than 60 days after the notice publication date for a putative class member to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i) (stating that the notice must advise that, "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class").

　　　　Implicitly recognizing such, CPGERS argues, in the alternative, that it need not give notice of this lawsuit because § 78u-4(a)(3)(A)(ii) provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [15 U.S.C. §§ 78a et seq.] is filed, only the plaintiff or plaintiffs in the first filed action [here, *Borrego*] shall be required

to cause notice to be published in accordance with clause (i)." *Id.* § 78u-4(a)(3)(A)(ii). This argument has merit, and therefore the Court shall deem the notice requirement satisfied and grant final approval to the appointment of lead plaintiff and lead counsel.  The Court notes that this case is somewhat unusual in that CPGERS – already appointed lead plaintiff in *Borrego* – apparently intends to (effectively) abandon the *Borrego* case in favor of the instant case.  Nevertheless, the fact remains that there has been notice through *Borrego*, giving other putative class members the opportunity to ask to be lead and, if so appointed, then strategize as to how to pursue the litigation, including making a decision as to what forum the case should be litigated.

Accordingly, final approval of lead plaintiff and lead counsel is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated: September 14, 2016

_____
EDWARD M. CHEN
United States District Judge

2