UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL HUSSEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RUCKUS WIRELESS, INC., et al.,<br><br>Defendants. | Case No. 16-cv-02991-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 42 |

Currently pending before the Court is Defendants' motion to dismiss. A hearing was held on Defendants' motion on February 16, 2017. This order memorializes the rulings made by the Court at the hearing and provides additional analysis, as necessary.

## I.  DISCUSSION

A.  Section 14(d)(7) Claim

Lead Plaintiff failed to make any substantive argument in response to Defendants' motion to dismiss the § 14(d)(7) claim. Accordingly, the motion to dismiss the § 14(d)(7) claim is dismissed with prejudice.

B.  Section 14(e) Claim

Section 14(e) of the 1934 Act covers an untrue statement of material fact or omission of fact with respect to a tender offer. As an initial matter, the Court rejects Lead Plaintiff's argument that scienter is not an element of a § 14(e) claim. Multiple circuit courts (in particular, the Second, Third, Fifth, Sixth, and Eleventh Circuits) have held that scienter is an element, as Lead Plaintiff itself admits. *See* Opp'n at 20 (citing cases). So has Judge Orrick in his recent decision in *Manger v. Leapfrog Enterprises, Inc.*, No. 16-cv-01161-WHO, 2017 WL 282739 (N.D. Cal. Jan. 23, 2017). The reasoning underlying those decisions is sound. *See, e.g.*, *Smallwood v. Pearl*

1  *Brewing Co.*, 489 F.2d 579, 605 (5th Cir. 1974) (noting that "Congress adopted in Section 14(e)
2  the substantive language of the second paragraph of Rule 10b-5 and in so doing accepted the
3  precedential baggage those words have carried over the years"). Furthermore, Supreme Court
4  case law weighs in favor of Defendants, as does Ninth Circuit case law. *See, e.g.*, *Schreiber v.*
5  *Burlington Northern, Inc.*, 472 U.S. 1, 10 (1985) (stating that "[§] 14(e) adds a 'broad antifraud
6  prohibition,' modeled on the antifraud provisions of § 10(b) of the [1934] Act and Rule 10b-5")
7  (quoting *Piper v. Chris-Craft Indus.*, 430 U.S. 1, 22 (1977)); *Vaughn v. Teledyne, Inc.*, 628 F.2d
8  1214, 1219 (9th Cir. 1980) (stating that "[§] 14(e) is generally the same as § 10(b) and Rule 10b-5,
9  but is applicable specifically to tender offers rather than other purchases or sales of securities").

10  Lead Plaintiff's primary argument in opposition is that a tender offer situation (§ 14(e))
11  should be treated the same as a proxy/shareholder vote situation (§ 14(a)). But the wording of the
12  two sections differ, and they were enacted at different times. Lead Plaintiff's argument is based
13  not on statutory language but on policy and is thus better addressed to the legislature rather than
14  the Court. Lead Plaintiff's last-minute argument (presented for the first time at the hearing) – *i.e.*,
15  that any scienter requirement should apply only to, *e.g.*, third-party accountants – was made
16  without any supportive authority.

17  Because Lead Plaintiff has not made sufficient allegations of scienter, dismissal of the §
18  14(e) claim is warranted.

19  Dismissal is also warranted because Lead Plaintiff has failed to adequately plead falsity,
20  particularly under the standard required by Rule 9(b) and the PSLRA. At the hearing, Lead
21  Plaintiff primarily argued that the 14D-9 was misleading because it overstated the value of the
22  offer consideration; in particular, the value of the offer consideration was overstated because it
23  was implicitly based on an overstated value of Brocade stock (stand alone) which valuation was
24  not expressly stated in the 14D-9. But this specific theory was never articulated, at least not
25  clearly, in the operative complaint.[1]

26  In its papers, Lead Plaintiff claimed falsity on two other grounds: (1) because there was an

---

[1] The Court does not opine at this point on the sustainability of such a theory.

2

1 inadequate disclosure in the 14D-9 regarding Morgan Stanley's conflicts of interest and (2)
2 because certain financial projection information was not included in the 14D-9.  The first ground
3 is arguably problematic because, as Lead Plaintiff acknowledges in its complaint, Morgan
4 Stanley's 13F disclosed its specific holdings in Brocade – *i.e.*, such information was available to
5 the public.  Other concerns have been raised by Defendants' argument that the 13F disclosures
6 included "both holdings for [Morgan Stanley's] own account *and* those held for clients for whom
7 they make investment decisions," Reply at 3, and by Defendants' argument that Ruckus's actual
8 financial advisor (Morgan Stanley & Co. LLC) was only one of fifteen affiliated entities
9 represented on the Form 13F, and it "itself had investment discretion over only 415,049 Brocade
10 shares of common stock and no Brocade notes."  Reply at 3 n.3.  Finally, even if the Court were to
11 accept Lead Plaintiff's numbers, there is no context to determine whether Morgan Stanley's
12 holding of 3.67 million shares of Brocade common stock and $9.762 million in Brocade notes was
13 significant to Morgan Stanley.  *See also* Reply at 4 (arguing that, in the Form 13F, "Morgan
14 Stanley and its affiliates collectively disclosed securities valued at over $259 ***billion***, of which the
15 Brocade holdings represented 0.0017% for Morgan Stanley (or 0.019% of the overall portfolio
16 including affiliates' holdings") (emphasis in original).

17 As for the second ground, Lead Plaintiff is basically criticizing Defendants for providing
18 an incomplete picture.  But an incomplete picture does not necessarily establish that the 14D-9 is
19 false or misleading.  The question is whether and how the disclosed projections in the 14D-9 were
20 rendered false or misleading because of the incomplete information.  *See Brody v. Transitional*
21 *Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002) ("Rule 10b-5 and Section 14(e) in terms prohibit
22 only misleading and untrue statements, not statements that are incomplete.") (emphasis omitted).

23 For the foregoing reasons, the Court grants Defendants' motion to dismiss the § 14(e)
24 claim.  However, because it is not clear that Lead Plaintiff could not cure the deficiencies in an
25 amended pleading, the Court gives Lead Plaintiff leave to amend.  In the amended complaint,
26 Lead Plaintiff must address scienter as to each defendant (*i.e.*, "lumping together" of Defendants
27 will not be accepted); in addition, Lead Plaintiff must explain with specificity *what* the false or
28

misleading statement or omission is and *why* it is false or misleading.[2] Lead Plaintiff is advised to address in its amended complaint the issues noted above.

C. Section 20(a) Claim

Lead Plaintiff's § 20(a) claim is derivative of its § 14(e) claim. Thus, the § 20(a) claim falls with the § 14(e) claim. Consistent with the above, Lead Plaintiff has leave to amend the § 20(a) claim.

D. State Law Fiduciary Duty Claims

At this juncture, the Court shall not address Defendants' arguments in favor of dismissal of the state law fiduciary duty claims. The Court will not entertain any arguments related to the fiduciary duty claims over which it has supplemental jurisdiction unless and until it determines that Lead Plaintiff has adequately pled a federal securities claim (§ 14(e) and/or § 20(a)) in the first instance.

However, because the Court is already giving leave to Lead Plaintiff to amend the § 14(e) and § 20(a) claims, it shall also give Lead Plaintiff leave to amend its allegations in support of the fiduciary duty claims. In this regard, the Court notes that it would be helpful for Lead Plaintiff to identify what specific fiduciary duties have allegedly been violated and then explain how. In addition, similar to above, Lead Plaintiff should not lump Defendants together but have allegations specific as to each defendant. Finally, in light of the Delaware Supreme Court's affirmance in *In re Volcano Corp. Stockholder Litigation*, *see* Docket No. 56-1, Lead Plaintiff should make clear how the shares tendered by disinterested shareholders constitute less than a majority of the total shares. The "other management" holding 2.2% of the shares seems to include three executive officers who – at least facially – Lead Plaintiff has not claimed to be interested (*i.e.*, Lead Plaintiff has not sued all of those individuals as defendants).

## II. CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss. The § 14(d)(7)

---

[2] The Court does not, at this juncture, make a ruling as to Lead Plaintiff's contention that it need not plead loss causation for a § 14(e) claim. Out of an abundance of caution, Lead Plaintiff would be well advised to include specific loss causation allegations in its amended complaint.

4

claim is dismissed with prejudice.  The § 14(e) and § 20(a) claims are dismissed without prejudice, and Lead Plaintiff has leave to amend.  The Court defers ruling on the fiduciary duty claims but Lead Plaintiff may amend the factual allegations in support.

The amended complaint shall be filed by March 20, 2017.  Defendants' response shall be filed by April 20, 2017.

This order disposes of Docket No. 42.

**IT IS SO ORDERED**.

Dated: February 21, 2017

_____
EDWARD M. CHEN
United States District Judge