UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL HUSSEY, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>RUCKUS WIRELESS, INC., et al.,<br><br>　　　　Defendants. | Case No. 16-cv-02991-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Docket No. 100 |

　　　　This securities fraud action relates to the acquisition of Ruckus Wireless Inc. by Brocade Communications Systems, Inc. The case closed after the Court granted Defendants' motion to dismiss the second amended complaint ("SAC") and entered final judgment. *See* Docket Nos. 96-97 (order and final judgment). Currently pending before the Court is Lead Plaintiff's motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60. Lead Plaintiff contends that relief is warranted because the Court made manifest errors of law or fact.

　　　　The Court held a hearing on Lead Plaintiff's motion on September 14, 2017. At the hearing, the Court **DENIED** the motion. This order memorializes the Court's rulings, and provides additional analysis as necessary.

　　　　As an initial matter, the Court notes that, in evaluating Lead Plaintiff's motion, it does not consider the new evidence and/or allegations that Lead Plaintiff previously did not submit for the Court's consideration (*e.g.*, the expert declarations from Mr. Morris). Lead Plaintiff has not asserted that it is moving for relief based on newly discovered evidence (in all likelihood because it could not meet the criteria that the new evidence could not have been discovered earlier through due diligence). *See Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003). Nor has Lead Plaintiff cited any authority to support its claim that, for a Rule 59(e) or 60 motion, a party is

entitled to submit "clarifying" evidence never previously submitted where the basis is a manifest error of law or fact. *Cf. Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 F. App'x 418, 420 (5th Cir. 2015) (stating that "[a] [R]ule 59(e) motion *not* based on newly discovered evidence must 'clearly establish' a 'manifest error of law or fact'; [a] district court's determination that it has made no manifest error of fact will not be disturbed absent a 'clearly erroneous assessment *of the evidence*'") (emphasis added). Any such claim should be based on the record that was presented to the court.

At the hearing, Lead Plaintiff argued that, even without, *e.g.*, the expert declarations, its motion should be granted. Lead Plaintiff focused in particular on the Court's statement that Lead Plaintiff had failed to plead falsity because, even though "Lead Plaintiff assumes that Morgan Stanley did a Brocade stock standalone valuation as part of its overall valuation of the merger consideration, there is no factual basis for that assumption."[1] Docket No. 96 (Order at 8). Lead Plaintiff argued that the 14D-9 shows that Morgan Stanley did do a Brocade stock standalone valuation – in particular, a discounted cash flow ("DCF") analysis of Brocade alone. But as this Court found, the 14D-9 reflects that any consideration by Morgan Stanley of Brocade's financial forecasts was in the context of its a DCF analysis for the post-merger company; there is nothing in the 14D-9 stating that Morgan Stanley did a DCF analysis of pre-merger Brocade. *See* 14D-9, at 38 (stating that "Morgan Stanley utilized estimates from the Parent Forecasts . . . and the Synergies for purposes of its discounted cash flow analysis of the *combined Parent and Company*"; also stating that the value of the offer consideration was defined in part on "the discounted cash flow value per share of Parent Common Stock, after *giving effect to the Merger and incorporating the value of certain synergy forecasts*") (emphasis added). Thus, the Court finds no manifest error in this regard.

Moreover, the Court reaffirms its finding that Lead Plaintiff had conceded it did not contest the accuracy of the DCF analysis. Even absent that concession, Lead Plaintiff has not pointed to any defect in the inputs and methodology of the DCF.

---

[1] This statement also affected the Court's analysis of scienter.

2

Furthermore, as Defendants emphasized at the hearing, even if the Court had erred with regard to either of the above issues, its order provided another independent ground for dismissal, namely, that Lead Plaintiff had failed to adequately plead falsity because it failed to "show[] how the standalone share value of Brocade stock, which allegedly was omitted from the DCF analysis, was material to the overall multifaceted financial analysis" performed by Morgan Stanley. Docket No. 96 (Order at 7) (noting that the DCF analysis was just "*one of several models* of financial analysis which informed Morgan Stanley's opinion as to . . . fairness") (emphasis added). In its papers, Lead Plaintiff argued that there were problems with the other financial models but it never made that argument prior to the Court's order dismissing the SAC. *See* Docket No. 96 (Order at 7 n.5) (noting that Lead Plaintiff "does not challenge the accuracy or completeness of the other models"). At the hearing, Lead Plaintiff tendered a different argument – more specifically, that the DCF analysis was particularly important because it was the only income-driven analysis while the other financial models took a market approach. But as above, Lead Plaintiff failed to make this argument prior to the Court's order dismissing the SAC. Thus, the Court concludes that there was no manifest error here as well.

Finally, for clarity, the Court reaffirms all other bases on which it dismissed the SAC, including failure to adequately allege scienter.

Lead Plaintiff's motion to alter or amend the judgment is therefore denied.

This order disposes of Docket No. 100.

**IT IS SO ORDERED**.

Dated: September 18, 2017

_____
EDWARD M. CHEN
United States District Judge